UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUSH CONTROLS, INC.,

      Plaintiff,

v.

EXECUTIVE AUTOMATION SYSTEMS, INC.,

      Defendant.
                                         /

Case No. 15-11909

Honorable John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter came before the court on defendant Executive Automation Systems' July 25, 2015 motion to dismiss. Plaintiff Brush Controls filed a response August 20, 2015; and Defendant filed a reply September 8, 2015. Oral argument was heard October 15, 2015.

## BACKGROUND FACTS

Plaintiff Brush Controls and defendant Executive Automation Systems ("EAS") entered into an agreement in which EAS appointed Brush Controls as its exclusive sales representative in Michigan, sixteen counties in Indiana, and twelve counties in Ontario, Canada. Paragraph 14 of the agreement sets forth the parties' selected forum for resolution of any disputes as follows:

> This Agreement shall in all respects be interpreted and construed in accordance with and governed by the laws of the State of Indiana. Jurisdiction of any claim in connection with this agreement shall be with the Marion County Superior Court in Marion County, Indiana.

Plaintiff Brush Controls filed its complaint against EAS in this court May 28, 2015, alleging claims for breach of contract in Count I and violation of the Michigan Sales Representatives Commission Act in Count II.

## LAW AND ANALYSIS

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*"  <u>Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. Of Texas</u>, 134 S.Ct. 568, 580 (2013).  The United States Court of Appeals has since indicated that a Rule 12(b)(6) motion to dismiss is an appropriate vehicle for relief.  <u>Smith v. Aegon Cos. Pension Plan</u>, 769 F.3d 922, 933 (6th Cir. 2014).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" and "not necessarily disrupt the parties' settled expectations."  <u>Atlantic Marine</u>, 134 S. Ct. at 581, 583.  The plaintiff's choice of forum "merits no weight," and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  <u>Id</u>. at 581.  Ultimately, "forum-selection clauses should control except in unusual cases."  <u>Id</u>. at 582.

In this case the forum-selection clause is unambiguous and mandatory: "Jurisdiction . . . *shall be* with the Marion County Superior Court in Marion County, Indiana."  Both of the claims alleged in the complaint arise "in connection" with the agreement, including a claim for commission payments under the terms of the agreement.  Therefore, the entire complaint is subject to dismissal under the forum selection clause.  See <u>Interamerican Trade Corp. v. Companhia Fabricadora De Pecas</u>, 973 F.2d 487, 490 (6th Cir. 1992).

Plaintiff Brush Controls has failed to show there is anything unusual about this case that would warrant this court's refusal to apply the unambiguous terms of the forum selection clause.

**ORDER**

It is hereby **ORDERED** that Defendant's motion to dismiss is **GRANTED.**

                                              s/John Corbett O'Meara  
                                              United States District Judge

Date:  October 19, 2015

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 19, 2015, using the ECF system.

                                              s/William Barkholz  
                                              Case Manager